**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pulte Home Company LLC, et al., | No. CV-23-01784-PHX-KML |
| Plaintiffs, | **ORDER** |
| v. | |
| Colony Specialty Insurance Company, et al., | |
| Defendants. | |

United Specialty Insurance Company ("USIC") seeks leave to file a Third-Party Complaint asserting claims against Contractors Insurance Company of North America, Inc. ("CICNA"). Plaintiffs Pulte Home Company, LLC, and Pulte Development Corporation (collectively, "Pulte") opposed the motion, a curious position given that CICNA would potentially provide more funds which Pulte might recover. USIC's motion is granted.

Pulte describes itself as a "homebuilder that participated in the construction of a residential project" in Buckeye. (Doc. 128 at 5.) "Pulte performed no work on the [p]roject; instead, subcontractors performed all of the work." (Doc. 128 at 5.) In 2022, Pulte began receiving notices from homeowners of construction defects throughout the project. A group of homeowners initiated arbitration against Pulte based on the alleged defects and Pulte—which was an additional insured on the subcontractors' policies—tendered defense of the claims to the subcontractors and their insurers. Pulte later filed this suit against more than twenty of the subcontractors' insurers, seeking declaratory judgment that each of the insurers owed a duty to defend and indemnify Pulte for the claims in arbitration. (Doc. 128 at 34.)

USIC issued policies to numerous subcontractors who performed work on the project, including Circle B Grading and Apex Windows & Bath. (Doc. 171 at 4.) USIC denied Pulte's tender of defense for those policies. (Doc. 171-4 at 2, 20.) USIC is participating in the defense of Pulte, subject to a reservation of rights, for other subcontractors. (Doc. 171-1.) CICNA, an insurer owned by Pulte, also issued policies to subcontractors that performed work on the project, including Circle B Grading and Apex Windows & Bath. Pulte tendered defense of the claims to CICNA, but CICNA denied the tenders. Pulte seems to have accepted those denials as Pulte did not name CICNA as a defendant in this suit. (Doc. 167-2 at 12.)

USIC seeks to file a third-party complaint against CICNA. Alternatively, USIC seeks to join CICNA as a defendant. (Doc. 167.) According to USIC, the need for CICNA to participate in this litigation is based on "the perverse relationship between Pulte and CICNA." (Doc. 173 at 2.) USIC believes Pulte has refused to name CICNA as a defendant solely because it benefits Pulte, as the owner of CICNA, if CICNA is not required to contribute to the defense of the claims in arbitration. This theory may have merit: Pulte opposes USIC's motion based on arguments that seemingly run counter to its own self-interest. For example, Pulte argues USIC has no viable equitable contribution claim against CICNA. (Doc. 171 at 6.) Pulte does not explain why it is making such an argument on CICNA's behalf and according to USIC, Pulte's position is "unfathomable" because Pulte is arguing "*against* the existence of insurance coverage" that might benefit Pulte. (Doc. 173 at 3.)

Federal Rule of Civil Procedure 14 allows a defendant, "as third-party plaintiff, [to] serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." This language allows a third-party claim "only when the third party's liability is in some way dependent on the outcome of the main claim and is secondary or derivative thereto." *Stewart v. Am. Int'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988). If that basic requirement is met, the court "should consider the timeliness of the motion, whether the impleader is likely to delay the trial, and whether the impleader

- 2 -

will cause prejudice to the original plaintiff." *Helferich Pat. Licensing, LLC v. Legacy Partners, LLC*, 917 F. Supp. 2d 985, 988 (D. Ariz. 2013).

USIC's motion to implead CICNA argues CICNA "may be liable" to USIC under theories of equitable contribution, equitable subrogation, common law indemnity, or declaratory relief. (Doc. 167 at 5.) At this point, USIC has a plausible claim for relief based on equitable contribution and the additional theories need not be addressed.

Arizona law allows a claim for equitable contribution when insurance policies "cover (1) the same parties, (2) in the same interest, (3) in the same property, [and] (4) against the same casualty." *Nucor Corp. v. Emps. Ins. Co. of Wausau*, 296 P.3d 74, 83–84 (Ariz. Ct. App. 2012). The present record establishes this test is met. Both USIC and CICNA provided policies to Circle B Grading and Apex Windows & Bath. Pulte's claim against USIC includes allegations that USIC has a duty to defend and indemnify Pulte based on damage arising out of the work performed by Circle B or Apex Windows & Bath. (Doc. 128 at 26.) According to USIC, the "CICNA policy issued to Circle B provides primary coverage such that USIC's coverage may only be triggered upon exhaustion of the CICNA policies." (Doc. 167-1 at 5.) In effect, USIC and CICNA both issued policies to the same subcontractors covering the same interests in the same property, and for the same risk. CICNA possibly would be liable for a portion of the claim Pulte is pursuing against USIC. Therefore, USIC has alleged a plausible claim for equitable contribution against CICNA.[1]

Pulte argues that even if impleader is permissible, USIC waited too long to make its request. USIC admits it knew about the CICNA policies for months before filing its motion to file a third-party complaint. But USIC argues it only learned shortly before filing its motion that "CICNA's denial [of coverage] was meritless" and that Pulte had refused to make any efforts to pursue coverage. (Doc. 173 at 8.) USIC filed its motion approximately

---

[1] Pulte argues the fact that USIC denied Pulte's tender under the Circle B and Apex Window policies means there is no possibility of equitable contribution. (Doc. 171 at 6.) But both USIC and CICNA issued policies to the same subcontractors—Circle B and Apex—for which Pulte seeks to hold USIC alone liable in the present suit. Pulte does not explain why it is not even "conceivabl[e]" the companies insured the same risk (Doc. 171 at 6) and the pleaded facts seem to contradict that position.

one month after learning that information. USIC's motion was timely.

The final inquiries are whether allowing USIC's third-party complaint will delay trial or prejudice Pulte. No trial is set and the addition of CICNA is not likely to require significant discovery or motion practice. Moreover, adding a single other defendant to an inordinately complex lawsuit Pulte initiated against more than twenty other defendants will not add a meaningful amount of complication.[2]

Accordingly,

**IT IS ORDERED** the Motion to File Third-Party Complaint (Doc. 167) is **GRANTED**. USIC shall file its third-party complaint within seven days of this order and complete service of process as soon as possible.

**IT IS FURTHER ORDERED** the Stipulations to Dismiss (Doc. 180, 183, 184) are **GRANTED**. Plaintiffs' claims against Defendant Federated Mutual Insurance Company, Defendant NGM Insurance Company, and Defendant Starr Indemnity & Liability Company, as asserted in Plaintiffs' Fourth Amended Complaint (Doc. 128) are dismissed with prejudice, the parties to bear their own attorneys' fees and costs.

Dated this 3rd day of March, 2025.

_Krissa M. Lanham_
Honorable Krissa M. Lanham
United States District Judge

---

[2] The litigation may have been too complex for Pulte from the beginning as illustrated by Pulte's failure to realize it had not served two of the defendants until the court issued an order to show cause. (Docs. 155, 161.)

- 4 -